## UNITED STATES BANKRUPTCY COURT
## NORTHERN DISTRICT OF ILLINOIS
## EASTERN DIVISION

| | |
|---|---|
| IN RE: ) | Bankruptcy No. 08 B 06641 |
| ) | Chapter 7 |
| ORION DRYWALL, INC. ) | Judge John H. Squires |
| ) | |
| Debtor. ) | |
| ) | |
| DAVID E. GROCHOCINSKI, Trustee, ) | |
| ) | Adversary No. 10 A 00373 |
| Plaintiff, ) | |
| ) | |
| v. ) | |
| ) | |
| STEVEN M. PAULUS and MARY A. ) | |
| PAULUS, individually and as trustee of ) | |
| the MARY A. PAULUS TRUST under ) | |
| her declaration of trust dated June 23, ) | |
| 1994, ) | |
| ) | |
| Defendants. ) | |

### PROPOSED FINDINGS OF FACT AND CONCLUSIONS OF LAW

This matter comes before the Court on a motion for summary judgment on Count VI of the first amended complaint ("Complaint") pursuant to Federal Rule of Bankruptcy Procedure 7056, which incorporates by reference Federal Rule of Civil Procedure 56, filed by David E. Grochocinski, the Chapter 7 case trustee ("Trustee"). For the reasons set forth herein, the Court enters its proposed findings of fact and conclusions of law and recommends that the District Court deny summary judgment on Count VI of the Complaint.

## I. JURISDICTION AND PROCEDURE

The Court has jurisdiction to entertain this matter pursuant to 28 U.S.C. §§ 1334 and 157(a), and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. In an adversary proceeding, a court must consider whether each count of the complaint is a core proceeding, a non-core related matter, or a claim unrelated to the bankruptcy case. *Baker Dev. Corp. v. Mulder (In re Mulder)*, 307 B.R. 637, 640 (Bankr. N.D. Ill. 2004). The Seventh Circuit has provided the following test to determine whether a matter is a core proceeding: "[A] proceeding is core . . . if it invokes a substantive right provided by title 11 or if it is a proceeding that, by its nature, could arise only in the context of a bankruptcy case." *Diamond Mortgage Corp. of Ill. v. Sugar*, 913 F.2d 1233, 1239 (7th Cir. 1990) (internal quotation omitted).

The Court has jurisdiction to determine whether it has jurisdiction over Count VI. *See Mulder*, 307 B.R. at 640. Count VI alleges a claim for defalcation and breach of fiduciary duty under Illinois common law. The Court finds that Count VI is a non-core related matter. This claim does not "arise under the Bankruptcy Code in the strong sense that the Code itself is the source of the claimant's right or remedy, rather than just the procedural vehicle for the assertion of a right conferred by . . . state law." *In re United States Brass Corp.*, 110 F.3d 1261, 1268 (7th Cir. 1997). Moreover, this claim does not uniquely occur in connection with this bankruptcy case so as to "arise in" this case. Rather, it is an Illinois common law claim that is not unique to bankruptcy proceedings in general or this case in particular. The Seventh Circuit has stated that a bankruptcy court's "related to jurisdiction" encompasses "'tort, contract, and other legal claims by and against the debtor, *claims that,*

-3-

*were it not for bankruptcy, would be ordinary stand-alone lawsuits between the debtor and others. . . .'* " *In re FedPak Sys., Inc.*, 80 F.3d 207, 214 (7th Cir. 1996) (*quoting Zerand-Bernal Group, Inc. v. Cox*, 23 F.3d 159, 161 (7th Cir. 1994)).

Because Trustee's claim for defalcation and breach of fiduciary duty arise outside the context of the bankruptcy case, it is a non-core related matter because a judgment in favor of Trustee, if recovered, would bring assets into the estate, thereby increasing the pool of available distribution to creditors. *See Diamond Mortgage*, 913 F.2d at 1239. Accordingly, the Court is required, pursuant to 28 U.S.C. § 157(c)(1) to submit proposed findings of fact and conclusions of law to the District Court. To the extent a conclusion of law is improperly characterized as a finding of fact, it should be considered a conclusion of law. To the extent a finding of fact is improperly characterized as a conclusion of law, it should be considered a finding of fact. *See In re Piper's Alley Co.*, 69 B.R. 382, 384 (N.D. Ill. 1987).

## II. FACTS AND BACKGROUND

Orion Drywall, Inc. ("Orion"), a company engaged in the business of installing and framing drywall in commercial buildings, filed a voluntary petition for relief under Chapter 7 of the Bankruptcy Code on March 20, 2008. On March 17, 2010, Trustee commenced this adversary proceeding against Steven M. Paulus ("Mr. Paulus") and Mary A. Paulus ("Mrs. Paulus"), individually and as trustee of the Mary A. Paulus Trust ("Trust") (referred to collectively as "Defendants").

Count VI is a claim for damages for defalcation and breach of fiduciary duty under Illinois common law against Mr. Paulus. It alleges that Orion was insolvent or approaching

-4-

insolvency, that Mr. Paulus owed Orion's creditors duties of good faith, fair dealing, honesty, and loyalty, and that Mr. Paulus breached those duties by causing or allowing fraudulent and preferential transfers to himself and related entities.

Mr. Paulus was the president, sole shareholder, and sole director of Orion. (Tr. 7056-1 statement ¶¶ 1 & 2, Ex. 1 ¶ 43.) Mr. Paulus was authorized to receive $2,500 per week as salary for his services as president, treasurer, and secretary of Orion. (Tr. 7056-1 statement ¶ 3, Ex. 2.) For office space, Orion leased a home owned by the Trust, located at 5009 Columbia Avenue in Lisle, Illinois, next door to Mr. Paulus's residence. (Tr. 7056-1 statement ¶ 4, Ex. 3 ¶¶ 14, 15, & 18.) The residential lease required that Orion pay a minimum of $19,620 per year for the use of the property as well as taxes and insurance. (Tr. 7056-1 statement ¶ 5, Ex. 4.) Orion also leased a warehouse in Naperville, Illinois for storage of equipment and inventory. (Tr. 7056-1 statement ¶ 7, Ex. 3 ¶ 17.) Orion leased a 2000 Ford F650 Flatbed truck and a 2002 Chevrolet Avalanche from Mr. Paulus. (Tr. 7056-1 statement ¶ 8, Exs. 6 & 7.)

On Orion's tax returns, it reported a deficit in retained earnings of $68,530 at the beginning of 2007. (Tr. 7056-1 statement ¶ 12, Ex. 10.) Orion reported a retained earnings deficit of $331,930 at the end of 2007. (Tr. 7056-1 statement ¶ 13, Ex. 10.) Orion entered into no new contracts to install or frame drywall after September 2007, other than to provide extras on contracts already in existence. (Tr. 7056-1 statement ¶ 14, Ex. 1 ¶ 27.) The Internal Revenue Service ("IRS") filed a proof of claim asserting a total claim of $362,083.07. (Tr. 7056-1 statement Ex. 12.)

-5-

Between March 26, 2007 and January 28, 2008, a total of $66,350 in checks payable to Mr. Paulus were issued from Orion's bank account at First Nations Bank. (Tr. 7056-1 statement ¶ 31, Ex. 16.) Additionally, $30,125.86 in checks were made out to "cash," for a total of $96,425.86 in distributions (collectively "Payments by Check"). (*Id.*)

Between February 4, 2008 and March 6, 2008, a number of checks ("Unpaid Checks") whose value totaled $17,000 were issued to Mr. Paulus and were either returned for insufficient funds or were never presented for payment. (Tr. 7056-1 statement ¶ 32, Exs. 16 & 17.)

Between March 26, 2007 and January 28, 2008, Orion issued checks totaling $30,880 either to "cash" or First Nations Bank ("Cash Payments"), ostensibly for business purposes. (Tr. 7056-1 statement ¶ 34, Ex. 16.)

Between August 2007 and January 28, 2008, Orion made five payments ("Capital One Payments") on a Capital One charge account. (Tr. 7056-1 statement ¶ 36, Exs. 18-21, check nos. 7777, 10, 240, 10, and 1488.) This was accomplished by purchasing checks which designated Mrs. Paulus as the payor and Capital One as the payee. (Tr. 7056-1 statement ¶¶ 37-41, Exs. 18-21 check nos. 7777, 10, 240, 10, and 1488.) The payments totaled $10,900. (Tr. 7056-1 statement ¶ 36, Exs. 18-21.)

Between March 26, 2007 and January 28, 2008, $4,849.15 in charges ("Account Debits") were made to the Orion general account which were listed as business expenses, primarily for office supplies. (Tr. 7056-1 statement ¶ 43, Ex. 16.)

-6-

Between March 26, 2007 and October 30, 2007, four checks ("Expense Payments") were issued from Orion's bank account for office supplies, contributions, and job materials. (Tr. 7056-1 statement ¶ 45, Ex. 16.) These payments totaled $19,615.84. (*Id.*)

At the time of the bankruptcy filing, Orion's office equipment consisted of four older desks with chairs, a fifteen year old phone system, two five year old computers, a fax machine, copier, typewriter, and a file cabinet. (Tr. 7056-1 statement ¶ 48, Ex. 1 ¶ 7.)

### III. APPLICABLE STANDARDS

A.   **Summary Judgment**

In order to prevail on a motion for summary judgment, the movant must meet the statutory criteria set forth in Rule 56 of the Federal Rules of Civil Procedure, made applicable to adversary proceedings by Federal Rule of Bankruptcy Procedure 7056. Rule 56(c) reads in part as follows:

> The judgment sought should be rendered if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law.

Fed. R. Civ. P. 56(c). *See also Trentadue v. Redmon*, 619 F.3d 648, 652 (7th Cir. 2010).

The primary purpose of granting a summary judgment motion is to avoid unnecessary trials when there is no genuine issue of material fact in dispute. *Vukadinovich v. Bd. of Sch. Trustees of N. Newton Sch. Corp.*, 278 F.3d 693, 699 (7th Cir. 2002); *Trautvetter v. Quick*, 916 F.2d 1140, 1147 (7th Cir. 1990). Where the material facts are not in dispute, the sole issue is whether the moving party is entitled to a judgment as a matter of law. *ANR Advance Transp. Co. v. Int'l Bhd. of Teamsters, Local 710*, 153 F.3d 774, 777 (7th Cir. 1998).

-7-

On a motion for summary judgment, "the court has one task and one task only: to decide, based on the evidence of record, whether there is any material dispute of fact that requires a trial." *Kodish v. Oakbrook Terrace Fire Protection Dist.*, 604 F.3d 490, 507 (7th Cir. 2010) (internal quotation omitted). Summary judgment is the "put up or shut up moment in a lawsuit," when a party must show what evidence it has that would convince a trier of fact to accept its version of the events. *Eberts v. Goderstad*, 569 F.3d 757, 767 (7th Cir. 2010) (internal quotation omitted).

In 1986, the United States Supreme Court decided a trilogy of cases that encourages the use of summary judgment as a means to dispose of factually unsupported claims. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986); *Celotex Corp. v. Catrett*, 477 U.S. 317 (1986); *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574 (1986). The burden is on the moving party to show that no genuine issue of material fact is in dispute. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 585-86.

All reasonable inferences drawn from the underlying facts must be viewed in a light most favorable to the party opposing the motion. *McKinney v. Cadleway Properties, Inc.*, 548 F.3d 496, 499-500 (7th Cir. 2008); *Roger Whitmore's Auto. Servs., Inc. v. Lake County, Ill.*, 424 F.3d 659, 666-67 (7th Cir. 2005). The existence of a material factual dispute is sufficient only if the disputed fact is determinative of the outcome under applicable law. *Anderson*, 477 U.S. at 248; *Fritcher v. Health Care Serv. Corp.*, 301 F.3d 811, 815 (7th Cir. 2002). " 'Factual disputes that are irrelevant or unnecessary will not be counted.' " *Fritcher*, 301 F.3d at 815 (*quoting Anderson*, 477 U.S. at 248). "[S]ummary judgment is not an appropriate occasion for weighing the evidence; rather, the inquiry is limited to determining

Case 10-00373   Doc 44   Filed 01/12/11   Entered 01/12/11 15:41:19   Desc Main
          Document      Page 8 of 14

-8-

if there is a genuine issue for trial." *Lohorn v. Michal*, 913 F.2d 327, 331 (7th Cir. 1990). The Seventh Circuit has noted that trial courts must remain sensitive to fact issues where they are actually demonstrated to warrant denial of summary judgment. *Opp v. Wheaton Van Lines, Inc.*, 231 F.3d 1060, 1065-66 (7th Cir. 2000); *Szymanski v. Rite-Way Lawn Maint. Co.*, 231 F.3d 360, 364 (7th Cir. 2000).

The "party seeking summary judgment always bears the initial responsibility of informing the . . . court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex*, 477 U.S. at 323 (*quoting* Fed. R. Civ. P. 56(c)). Once the motion is supported by a prima facie showing that the moving party is entitled to judgment as a matter of law, a party opposing the motion may not rest upon the mere allegations or denials in its pleadings; rather, its response must show that there is a genuine issue for trial. *Anderson*, 477 U.S. at 248; *Celotex*, 477 U.S. at 322; *Matsushita*, 475 U.S. at 587; *Patrick v. Jasper County*, 901 F.2d 561, 565 (7th Cir. 1990). The manner in which a party can make this showing depends upon which party will bear the burden of persuasion at trial.

If the burden of persuasion at trial would be on the non-moving party, the party moving for summary judgment may satisfy Rule 56's burden of production either by submitting affirmative evidence that negates an essential element of the non-moving party's claim or by demonstrating that the non-moving party's evidence is insufficient to establish an essential element of the non-moving party's claim. *1518 W. Chicago Ave., LLC v. S. Melrose, LLC (In re 1518 W. Chicago Ave., LLC)*, 427 B.R. 439, 442 (Bankr. N.D. Ill. 2010).

-9-

When a defendant moves for summary judgment, the plaintiff has the obligation to make out its prima facie case. *Fischer Inv. Capital, Inc. v. Cohen* (*In re Cohen*), 334 B.R. 392, 397 (Bankr. N.D. Ill. 2005). The failure of the plaintiff to adduce evidence on each element of the claim results in the entry of summary judgment for the defendant. *Id.* (*citing Brummett v. Sinclair Broadcast Group, Inc.*, 414 F.3d 686, 694 (7th Cir. 2005)).

Local Bankruptcy Rule 7056-1 of the Local Bankruptcy Rules for the United States Bankruptcy Court for the Northern District of Illinois, which deals with summary judgment motions, was modeled after LR 56.1 of the Local Rules of the United States District Court for the Northern District of Illinois. Hence, the case law construing LR 56.1 and its predecessor Local Rule 12 applies to Local Bankruptcy Rule 7056-1. Pursuant to Local Bankruptcy Rule 7056, a motion for summary judgment imposes special procedural burdens on the parties. Specifically, the Rule requires the moving party to supplement its motion and supporting memorandum with a statement of undisputed material facts ("7056-1 statement"). The 7056-1 statement "shall consist of short numbered paragraphs, including within each paragraph specific references to the affidavits, parts of the record, and other supporting materials relied upon to support the facts set forth in that paragraph. Failure to submit such a statement constitutes grounds for denial of the motion." Local Bankr.R. 7056-1B. Trustee filed a 7056-1 statement that substantially complies with the requirements of Local Rule 7056. It contains numbered paragraphs setting out assertedly uncontested facts with specific reference to parts of the record. Additionally, Trustee furnished other supporting materials relied upon.

-10-

The party opposing a summary judgment motion is required by Local Rule 7056-2 to respond ("7056-2 statement") to the movant's 7056-1 statement, paragraph by paragraph, and to set forth any material facts that would require denial of summary judgment, specifically referring to the record for support of each denial of fact. Local Bankr.R. 7056-2. The opposing party is required to respond "to each numbered paragraph in the moving party's statement" and to make "specific references to the affidavits, parts of the record, and other supporting materials relied upon[.]" Local Bankr.R. 7056-2A(2)(a). Most importantly, "[a]ll material facts set forth in the [7056-1] statement required of the moving party will be deemed to be admitted unless controverted by the statement of the opposing party." Local Bankr.R. 7056-2B; *Kasak v. Vill. of Bedford Park*, 563 F. Supp. 2d 864, 867 (N.D. Ill. 2008). Trustee filed the required 7056-1 statement, but Defendants did not file a 7056-2 statement. Defendants did, however, submit a response which consists of numbered paragraphs alleging that certain material facts are in issue. The Court need not decide whether Defendants' response should be construed as a 7056-2 statement as it is not outcome-determinative.

### B. Breach of Fiduciary Duty

Trustee asserts a claim of defalcation and breach of fiduciary duty under Illinois common law. Trustee alleges that the Payments by Check, Unpaid Checks, Cash Payments, Capital One Payments, Account Debts, and Expense Payments (collectively "Payments") were not for business purposes, but for Defendants' personal benefit. In order to prove breach of a fiduciary duty, one must show "'(1) a fiduciary duty on the part of the defendant, (2) a breach of that duty, (3) an injury, and (4) a proximate cause between the breach and the injury.'" *Am. Consol. Transp. Cos., Inc. v. RBS Citizens N.A. (In re Am. Consol. Transp.*

-11-

*Cos., Inc.)*, 433 B.R. 242, 257-58 (Bankr. N.D. Ill. 2010) (*quoting Alpha Sch. Bus Co. v. Wagner*, 910 N.E.2d 1134, 1158 (Ill. App. Ct. 2009)).

In Illinois, corporate officers and directors have duties of good faith, loyalty, and honesty. *Daley v. Chang (In re Joy Recovery Tech. Corp.)*, 257 B.R. 253, 274 (Bankr. N.D. Ill. 2001) (*citing Weiboldt Stores, Inc. v. Schottenstein*, 94 B.R. 488, 509 (N.D. Ill. 1988)). Officers and directors of a corporation typically owe no fiduciary duties to creditors of the corporation. *Judson Atkinson Candies, Inc. v. Latini-Hohberger Dhimantec*, 529 F.3d 371, 384 (7th Cir. 2008). However, once a corporation becomes insolvent, its directors and officers owe fiduciary duties to the corporation's creditors. *Id.* In other words, "'the moment a corporation becomes insolvent . . . the assets of the corporation must then be regarded as a trust fund for the payment of all its creditors and the directors occupy the position of trustees[ ] and fiduciar[ies] [.]'" *Technic Eng'g, Ltd. v. Basic Envirotech, Inc.*, 53 F. Supp.2d 1007, 1011 (N.D. Ill. 1999) (*quoting Coleman v. Howe*, 39 N.E. 725, 727 (Ill. 1895)).

Under Illinois law, "[a] debtor is insolvent if the sum of the debtor's debts is greater than all of the debtor's assets at a fair valuation." 740 ILL. COMP. STAT. 160/3(a). "A debtor who is generally not paying his debts as they become due is presumed to be insolvent." 740 ILL. COMP. STAT. 160/3(b).

## IV. DISCUSSION

Trustee claims that the Payments were not made for any business purpose, but were instead for the personal benefit of Defendants. Specifically, Trustee alleges that Mr. Paulus received personal payments in excess of his authorized compensation between March 26,

-12-

2007 and February 1, 2008. In order to prevail on this claim, Mr. Paulus must have owed a duty, as an officer and director, to his creditors. This requires a showing that Orion was insolvent as of the date the Payments were made.

Trustee must either establish that Orion was balance sheet insolvent–that its debts were higher than the value of its assets–or that Orion was generally not paying its debts as they became due. Orion's 2007 income tax return establishes that it had a retained earnings deficit of $68,530 at the beginning of 2007 and $331,930 at the end of 2007. That same income tax return states that Orion's total assets were $28,505 at the beginning of 2007 and $48,164 at the end of 2007. Trustee further established that the IRS has asserted a claim against Orion of $362,083.07 and that Orion entered into no new contracts after September 2007. Defendants do not dispute this characterization of Orion's financial position. Because Orion did not enter into any new contracts after September 2007 and continued to incur debt, Orion could not possibly have become solvent in 2008. It is, therefore, evident that Orion was insolvent during the period the transfers were made. Trustee has established facts, unrebutted by Defendants, sufficient to establish Orion's insolvency by a preponderance of the evidence.

The only remaining issue is whether material issues of fact remain in dispute. Mr. Paulus states in his affidavit that of the Account Debits identified by Trustee, he has specific knowledge that at least $3,181.88 were business related expenses. (Def. Response ¶ 10, Ex. A.) Furthermore, Mr. Paulus states that many of the checks made out to "cash" were used in order to supplement payroll by paying overtime in cash and reimbursing employees for corporate expenses. (Def. Response ¶ 7, Ex. A.) Three employees filed affidavits to this

-13-

effect (Def. Response Exs. B, C, & D) and the explanations in Orion's check register support Mr. Paulus's statements as well. (Def. Response Ex. E.) Additionally, Defendants maintain that the Expense Payments from the check register were used to purchase office furniture, ceiling supplies, and other business expenses, not compensation for Mr. Paulus. (Def. Response Ex. A.) Finally, Defendants contend that the Capital One credit card was used as a company credit card to pay for the day-to-day needs of Orion's operation. (*Id.*) The Court cannot appropriately weigh the evidence at this stage. Defendants' have created a genuine issue of material fact regarding the nature and purpose of the Payments.

## V. CONCLUSION

For the foregoing reasons, the Court recommends that the District Court deny Trustee's motion for summary judgment on Count VI of the Complaint. The Court's Final Pretrial Order remains in effect for the trial set for February 7 and 8, 2011.

This constitutes the Court's proposed findings of fact and conclusions of law in accordance with Federal Rule of Bankruptcy Procedure 9033.

**ENTERED:**

DATE: 1/12/11

John H. Squires
United States Bankruptcy Judge

cc:   See attached Service List

## SERVICE LIST

### David E. Grochocinski, Trustee v. Steven M. Paulus and Mary A. Paulus et al.
### Adversary No. 10 A 00373

Kathleen M. McGuire, Esq.
Grochocinski Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

David J. Schwab, Esq.
Ralph, Schwab & Schriever, Chtd.
175 E. Hawthorn Parkway, Suite 345
Vernon Hills, IL 60061

David E. Grochocinski, Esq.
Grochocinski, Grochocinski & Lloyd, Ltd.
1900 Ravinia Place
Orland Park, IL 60462

Patrick S. Laying, United States Trustee
219 S. Dearborn Street
Suite 873
Chicago, IL 60604

Timothy P. Whelan, Esq.
Timothy P. Whelan Law Associates, Ltd.
1200 Roosevelt Road, Suite 150
Glen Ellyn, IL 60137